IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Lamont Whitner, | ) C/A: 3:12-1876-CMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Lesley M. Coggiola, Disciplinary Counsel;<br>Tiffany N. Richardson, Staff Attorney, | ) |
| Defendants. | ) |

Plaintiff, Samuel Lamont Whitner ("Plaintiff"), a state prisoner in the Broad River Road Correctional Institution of the South Carolina Department of Corrections in Columbia, South Carolina, proceeding *pro se*, brings this civil action against Lesley M. Coggiola, Disciplinary Counsel, and Tiffany N. Richardson, Staff Attorney, of the Office of Disciplinary Counsel of the Supreme Court of South Carolina ("Defendants"). Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the undersigned United States Magistrate Judge for initial review pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed, without prejudice and without issuance and service of process.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd*

*v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**BACKGROUND**

Plaintiff characterizes this lawsuit as a "prima facie tort/negligent tort claim against the said defendant's," filed pursuant to 42 U.S.C. § 1983. *See* Complaint, p. (2), ECF No.

2

1, p. 2; Evidence in Support of Complaint, ECF No. 1, p. 8. Plaintiff's claims arise solely from his dissatisfaction with Defendants' performance of their official duties in connection with their investigation and dismissal of Plaintiff's complaints against several attorneys who were involved in the trial and appeal of Plaintiff's criminal case.[1] Plaintiff alleges that Defendants:

> did while at their lawful duties knowingly and intentionally violate the plaintiff's 1st amendment and, 14th amendment U.S.C.A, and pursuant to Article 1 section 3 of the South Carolina Constitution. The herein said defendants acts, disparages the plaintiff's 14th amendment and ultimately infringe upon the plaintiff's equal protection rights, which is recognized by the ninth amendment of protections against infringement from the state. The defendants, proceeded with means of abuse of discretion and bias toward the plaintiff. Thus intentionally disregarding substantive evidence and discretionarily failing to conduct an investigation.

ECF No. 1, p. 3-4. Plaintiff alleges that he filed several complaints with the Office of Disciplinary Counsel against Plaintiff's trial attorney and appellate defender, and against

---

[1] In *State v. Whitner*, C/A No. 2009-GS-23-1072, in Greenville County General Sessions Court, Plaintiff was charged with criminal sexual conduct with a minor in the first degree. The victim of the sexual abuse was Plaintiff's then five-or-six-year-old daughter. On November 4, 2009, Plaintiff was convicted and sentenced to thirty (30) years imprisonment. Plaintiff's criminal trial involved two disputed evidentiary rulings concerning the admissibility of a recording of a telephone conversation between Plaintiff and his daughter and a forensic interview with the daughter. The recording of the telephone conversation was initially ruled inadmissible after a suppression hearing in the trial court. The State appealed the circuit judge's ruling granting Plaintiff's motion to suppress the recording, pursuant to the South Carolina Homeland Security Act (Wiretap Act), S.C. Code Ann. § 17-30-10. The South Carolina Court of Appeals vacated the circuit judge's ruling because the Wiretap Act requires that a motion to suppress be made before a panel of judges of the court of appeals. Thereafter, the South Carolina Court of Appeals held a suppression hearing, denied Plaintiff's motion to suppress the recording and sent the case back to the circuit court. At trial, the recording of the phone conversation and a videotape of the daughter's forensic interview were admitted into evidence, over Plaintiff's objection, and the jury convicted Plaintiff. Plaintiff filed a direct appeal. On July 11, 2012, the South Carolina Supreme Court issued its opinion in Plaintiff's appeal, finding no error in the admission of the challenged evidence and affirming Plaintiff's conviction and sentence, in *State v. Whitner*, Opinion No. 27142 (S.C. Sup. Ct. July 11, 2012). The undersigned takes judicial notice of Plaintiff's state court criminal proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

the assistant solicitor and assistant attorney general who prosecuted Plaintiff's case at trial and on appeal. Plaintiff alleges that these attorneys:

> acted with means of conspiracy as well as fraud, in order to conceal the criminal acts of disclosure of contents of an illegal recorded conversation between the plaintiff and his daughter. Furthermore, the complaint which is supported by clear and convicting evidence established that a confederacy is responsible for administering fraud within previous proceedings upon fabricating the chronologies of the initial trial records within case 2009-GS-23-1072 before the Honorable C. Victor Pyle Jr., which in affect set forth obstruction of justice.

Complaint, p. (2); ECF No. 1, p. 4. Plaintiff alleges that these attorneys also "conspired to conceal ethical crimes, that are in fact violative to the provisions of 407 Professional Conduct, S.C.A.C.R." Complaint, p. (3); ECF No. 1, p. 5. Plaintiff alleges that Defendants acted with dereliction "concerning the disciplinary counsel's obligation, that are mandated by Rule (1), pursuant to 413 Lawyers Disciplinary Enforcement." *Id.* Plaintiff attaches to his Complaint copies of several letters to him from Defendants, in which Defendants outline the authority and jurisdiction of the Office of Disciplinary Counsel and explain why Plaintiff's complaints were dismissed. *See* Evidence in Support of Complaint, Exhibit Z, ECF No. 1-1, p. 61-66. Plaintiff also attached to his Complaint a "Summary of Relevant Facts, Exhibit Q" (ECF No. 1, p. 6-7), outlining his previous civil rights lawsuit filed in this court against two prosecutors and a police officer involved in his criminal prosecution, which was summarily dismissed without prejudice and without issuance and service of process. *See Whitner v. Sustakovitch, et al.*, C/A No. 6:12-405-HMH-JDA (D.S.C.).[2]

---

[2] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files and records).

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the

5

allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Clearly, there is no basis for a finding of diversity jurisdiction over these parties and this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16. This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen and resident of South Carolina and, according to all of the information in Plaintiff's Complaint and proposed service documents, Defendants are also citizens and residents of South Carolina. Complaint, III. Parties, p. 2, ECF No. 1, p. 2; Summons, Form USM-285, ECF No. 4, p. 1-4.

It is clear that the essential factual allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. Plaintiff attempts to invoke this

Court's federal question jurisdiction by asserting that Defendants violated Plaintiff's rights under the First, Ninth, and Fourteenth Amendments of the United States Constitution and Article 1 section 3 of the South Carolina Constitution. However, the allegations in Plaintiff's Complaint fail to state a cognizable claim under the First, Ninth, and Fourteenth Amendments, under the South Carolina Constitution, or under 42 U.S.C. § 1983.[3]

There is no federal right to pursue an attorney grievance complaint against an attorney licensed in to practice law the State of South Carolina. The existence, authority, jurisdiction, and operation of the Office of Disciplinary Counsel of the Supreme Court of South Carolina were established under Part IV "Rules Governing the Practice of Law" of the South Carolina Appellate Court Rules ("SCACR"). Under Rule 413, SCACR, "Rules for Lawyer Disciplinary Enforcement," the Office of Disciplinary Counsel was created and empowered as an arm of the South Carolina Supreme Court to:

> receive and screen complaints, dismiss complaints, issue letters of caution, refer complaints to other agencies when appropriate, conduct investigations, notify complainants about the status and disposition of their complaints, make recommendations to an investigative panel on the disposition of complaints after investigation, file formal charges when directed to do so by an investigative panel, prosecute formal charges, and file briefs and other appropriate petitions with the Supreme Court.

Rule 5, Disciplinary Counsel, Rule 413, SCACR. "Upon completion of the investigation, if disciplinary counsel believes that no misconduct has been committed, and a written

---

[3] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

caution is not appropriate to conclude the matter, disciplinary counsel may dismiss the complaint." Rule 19 (d)(1), Screening and Investigation, Rule 413, SCACR. While a complainant is entitled to notification, in writing, of the final disposition of a proceeding by the Office of Disciplinary Counsel, "a complainant is not a party to the proceeding" and "the complainant is not entitled to appeal or otherwise seek review of a dismissal or referral by disciplinary counsel pursuant to Rule 19(a) or of any decision, action, or disposition by the investigative panel, the hearing panel, the Commission chair or vice-chair, or the Supreme Court." Rule 18(b), Notification to Complainant; Limited Right to Review, Rule 413, SCACR. The South Carolina Rules of Civil Procedure are applicable in lawyer discipline cases only when a complaint has resulted in the filing of formal charges by the Office of Disciplinary Counsel. *See* Rule 9, Civil Rules Applicable, Rule 413, SCACR. A complainant's federal and state rights of speech, due process, and equal protection are not implicated by the actions of the Office of Disciplinary Counsel in conducting its investigation and disposition of a complainant's allegations against a lawyer in any complaint filed with the Office of Disciplinary Counsel.

Moreover, Plaintiff's § 1983 claim is barred by the provisions of Rule 13 "Immunity from Civil Suits," of Rule 413, SCACR, which provides that:

> . . . disciplinary counsel and staff, any attorney appointed to protect clients under Rule 31, and any supervising or monitoring attorney appointed under Rule 33 shall be absolutely immune from civil suit for all conduct in the course of their official duties.

The immunity granted to Defendants pursuant to Rule 13 of Rule 413, SCACR, is consistent with the prosecutorial immunity against § 1983 suits which is recognized by numerous courts in the United States for officials who hold positions and perform duties

similar to those of Defendants. Essentially, such prosecutorial immunity refers to the absolute immunity afforded to prosecutors when they act in a judicial capacity. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983). This form of immunity is also sometimes referred to as the quasi-judicial immunity of prosecutors. Courts routinely have held that bar disciplinary proceedings are judicial in nature. *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 479 (1983); *Hunter v. Virginia State Bar*, 786 F. Supp. 2d 1107, 1113 (E.D. Va. 2011). Courts that have considered the issue have extended prosecutorial immunity to prosecutorial disciplinary counsel or bar counsel, as well. *See Stein v. Disciplinary Board*, 520 F.3d 1183, 1193 (10th Cir. 2008) (absolute prosecutorial immunity from damage claims extends to bar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline) (citing *Clulow v. State of Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983)); *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 715 (9th Cir. 1995) (granting bar counsel absolute quasi-judicial immunity for their role in attorney disciplinary system); *Simons v. Bellinger*, 643 F.2d 774, 207 U.S. App. D.C. 24 (D.C. Cir. 1980) (granting absolute immunity to members of the Committee on Unauthorized Practice of Law, who investigate violations, determine who is prosecuted, and directs the prosecution); *Hunter*, 786 F. Supp. 2d at 11123 (finding assistant bar counsel of the Virginia State Bar entitled to absolute prosecutorial immunity for filing ethics complaint against attorney).

While the United States Court of Appeals for the Fourth Circuit has not issued a published opinion explicitly affording prosecutorial immunity to bar counsel, in its recent unpublished opinion in *Pak v. Ridgell*, 2012 U.S App. LEXIS 12022, 2012 WL 2108991

(4th Cir. 2012), the Fourth Circuit found "that the district court properly found Ridgell [assistant bar counsel for the Attorney Grievance Commission of Maryland] to be immune from suit for her participation in Pak's disciplinary proceedings."  *Pak*, 2012 U.S. App. LEXIS 12022 at *2, 2012 WL 2108991 at *1 (4th Cir. June 12, 2012).  In *Pak*, the Fourth Circuit affirmed the United States District Court for the District of Maryland's holding, in *Hekyong Pak v. Ridgell*, 2011 U.S. Dist. LEXIS 84057, 2011 WL 3320197 (D. Md. 2011), that "[i]n light of the persuasive authority in other Circuits, analogous cases in the Fourth Circuit, and the Supreme Court's jurisprudence regarding prosecutorial immunity, this Court finds that bar counsel prosecutors are afforded absolute immunity for conduct performed in a judicial capacity."  *Hekyong Pak*, 2011 U.S. Dist. LEXIS 84057 at *20, 2011 WL 3320197 at *7.  Previously, in a published case, the Fourth Circuit has held that "officials whose duties are comparable to those of judges or prosecutors" are, like judges, entitled to absolute quasi-judicial immunity.  *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999).  It is well-settled in the Fourth Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether or not to go forward with a prosecution, *Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).  Defendants' decision to dismiss Plaintiff's disciplinary complaint is analogous to a solicitor's decision not to prosecute a charge.  *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**RECOMMENDATION**

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.


August 21, 2012q                                           s/Jacquelyn D. Austin
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).